NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL R. D'ALESSANDRO,          :
                                  :   Civil Action No. 06-6189 (KSH)
          Petitioner,             :
                                  :
     v.                           :   **OPINION**
                                  :
KATHRYN E. MACFARLAND, et al.,    :
                                  :
          Respondents.            :

**KATHARINE S. HAYDEN, U.S.D.J**.

Petitioner Michael R. D'Alessandro, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application for leave to proceed in forma pauperis.[1] The respondents are Administrator Kathryn E. MacFarland and the Attorney General of the State of New Jersey.

For the reasons stated herein, the petition is dismissed without prejudice for lack of jurisdiction.

I.  BACKGROUND

Pursuant to a jury trial in the Superior Court of New Jersey, Law Division, Union County, petitioner was convicted of one count of robbery. On October 25, 1985, he was sentenced to a term of imprisonment of fifteen years, with a seven-and-one-half year parole disqualifier. On direct appeal, the Superior Court, Appellate Division, remanded for re-sentencing. On April 28, 1989, the re-sentencing took place; the trial court again imposed a sentence of 15 years with a

---

[1] Petitioner's application for leave to proceed in forma pauperis will be granted.

parole disqualifier of seven and one-half years. On September 11, 1991, the Appellate Division affirmed.

Petitioner then filed a state-court petition for post-conviction relief. The trial court denied relief and the Appellate Division affirmed. On September 23, 1998, the Supreme Court of New Jersey dismissed the appeal for lack of prosecution.

Petitioner then filed his first federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See D'Alessandro v. Hendricks, Civil Action No. 99-1779 (JWB). The petitioner claimed that his sentence was enhanced illegally when the sentencing judge used uncounseled juvenile convictions to increase the sentence imposed on him. By opinion and order entered June 30, 2000, the petition was denied on the merits.

On December 23, 2004, petitioner filed his second state-court petition for post-conviction relief. The trial court denied relief by order dated April 29, 2005. On October 27, 2005, the Appellate Division affirmed the denial of relief. On February 16, 2006, the Supreme Court of New Jersey denied certification. This petition, dated December 15, 2006, followed.

Here, petitioner asserts that his sentence violates the Sixth Amendment, pursuant to the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000).[2]

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show

---

[2] In Apprendi v. New Jersey, applying the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 471, 490 (2000).

cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

As noted above, this is petitioner's second federal habeas petition challenging his 1985 conviction for robbery. This fact requires this Court to consider whether this petition is "second or successive" and, thus, whether this Court lacks jurisdiction to entertain it in the absence of an order from the Third Circuit permitting its filing. See 28 U.S.C. § 2244(b).

Section 2244, a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

   ...

   (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

   ...

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244(b).

Thus, Section 2244(b)(3) creates both procedural and substantive "gatekeeping" mechanisms for the consideration of "second or successive" habeas petitions. See Felker v. Turpin, 518 U.S. 651, 657 (1996); In re Minarik, 166 F.3d 591, 599-600 (3d Cir. 1999). However, the phrase "second or successive" is not defined.

Prior to the passage of AEDPA, federal courts "employed a collection of equitable principles known as the 'abuse of the writ' doctrine to determine when a petition would be deemed abusive and thus barred from consideration on its merits." Benchoff v. Colleran, 404

4

F.3d 812, 816 (3d Cir. 2005) (citing United States v. Roberson, 194 F.3d 408, 410 (3d Cir. 1999)). Under the pre-AEDPA abuse-of-the-writ doctrine, a "successive petition" raised grounds identical to those raised and rejected on the merits on a prior petition, and was barred. See Sanders v. United States, 373 U.S. 1, 15-17 (1963). An "abusive" petition was one which raised claims that were available but not asserted in a prior petition or one in which the prisoner had engaged in other conduct that disentitled him to relief. Kuhlmann v. Wilson, 477 U.S. 436, 445 n.6 (1986) (plurality opinion) (citing Sanders, 373 U.S. at 17). See also McCleskey v. Zant, 499 U.S. 467 (1991).

     The Third Circuit has held that the gatekeeping provision of Section 2244 "replaced" the pre-AEDPA abuse-of-the-writ doctrine, but the doctrine remains viable to interpret the meaning of "second or successive." Benchoff, 404 F.3d at 816-17. However, reference to the abuse-of-the-writ doctrine does not mean, in all circumstances, that a subsequent petition must be treated as a first petition unless it amounts to a pre-AEDPA abuse of the writ. See, e.g., Felker v. Turpin, 518 U.S. 651, 667 (1996) ("The Act also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners."). If that were so, the substantive gatekeeping criteria of § 2244(b)(2) might never come into play.

     Thus, a petition is not necessarily "second or successive" merely because it follows an earlier federal petition. For example, where a first petition was dismissed for failure to exhaust state remedies, a subsequent federal petition is not "second or successive." Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997). See also Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (stating that section 2244(b) does not bar subsequent petitions where initial petitions were

dismissed "for technical or procedural deficiencies that the petitioner can cure before refiling"); Murray v. Greiner, 394 F.3d 78 (2d Cir. 2005) (same).

"If, however, a petition is resolved in a way that satisfies a petitioner's one 'full and fair opportunity to raise a [federal] collateral attack,' then it does count for purposes of § 2244(b)." Altman v. Benik, 337 F.3d at 766. Courts are in agreement that, where an initial federal petition has been denied on the merits, a subsequent petition attacking the same judgment is "second or successive" within the meaning of § 2244. See Luckett v. McDaniel, 213 F.3d 642 (9th Cir.) (unpubl.), cert. denied, 531 U.S. 891 (2000); In re Page, 170 F.3d 659 (7th Cir.), supplemented by, 179 F.3d 1024 (7th Cir. 1999), cert. denied, 528 U.S. 1162 (2000); Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999); Corraro v. United States, 152 F.3d 188, 191 (2d Cir. 1998); U.S. v. Salemo, 2006 WL 1409743 (E.D. Pa. 2006); Wilson v. York County Common Pleas Court, 2005 WL 1229719 (M.D. Pa. 2005); Leonard v. Dretke, 2004 WL 741286 (N.D. Tex.), report and recomm. adopted, 2004 WL 884578 (N.D. Tex. 2004); Paskins v. Carroll, 2002 WL 1268048 (D. Del. 2002). Similarly, where a petition raises a claim that was or could have been raised in an earlier habeas petition decided on the merits, that claim clearly is "second or successive." Benchoff, 404 F.3d at 817 (citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991) and Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992)).

Here, petitioner's initial federal habeas petition was denied on the merits. Thus, this petition is "second or successive" within the meaning of § 2244 and this Court lacks jurisdiction to entertain it, absent authorization from the Third Circuit.

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of

jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631.  See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003). However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice.  See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).

Accordingly, this Court must determine whether transfer of this petition to the Third Circuit for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice.  None of the claims asserted in this petition arguably come within the substantive gatekeeping provisions of § 2244(b)(2).  The Third Circuit has held that the rule announced in Apprendi does not apply retroactively to cases on collateral review.  See United States v. Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 540 U.S. 977 (2003); In re Turner, 267 F.3d 225 (3d Cir. 2001).  Therefore, it does not appear that Petitioner can establish grounds for filing a "second or successive" petition.  See 28 U.S.C. 2244(b)(2).

Thus, it would not be in the interest of justice to transfer this petition.  This Court will dismiss the petition for lack of jurisdiction rather than transfer it.  The dismissal will be without prejudice to petitioner's filing an application under § 2244(b)(3) in the Court of Appeals.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial

7

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## V. CONCLUSION

For the reasons set forth above, the petition is denied without prejudice for lack of jurisdiction. An appropriate order follows.

/s/   Katharine S. Hayden
Katharine S. Hayden
United States District Judge

Dated: 3/15/07